IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FRANS EFRAIN WUISAN, Personal Representative of the Estate of RIANE ESTHER, Deceased, | NO. |
| | FILED: JANUARY 28, 2009 |
| FRANS EFRAIN WUISAN, Personal Representative of the Estate of FADJAR JONAH EFRAIM, Deceased, | 09CV556 |
| | JUDGE ASPEN |
| FRANS EFRAIN WUISAN, Personal Representative of the Estate of GARY JOAN EFRAIM JUANA, Deceased, | MAGISTRATE JUDGE VALDEZ |
| | BR |
| FRANS EFRAIN WUISAN, Personal Representative of the Estate of GERALD GABRIAL EFRAIM JUANA, Deceased, | |
| FRANS EFRAIN WUISAN, Personal Representative of the Estate of GLENN YENUDA EFRAIM JUANA, Deceased, | |
| SACRE LENDO, Personal Representative of the Estate of YOHANES BENYAMIN LENDO, Deceased, | |
| YENSEN PAULUS, Personal Representative of the Estate of DESSY KATERINA PAULUS, Deceased, | |
| TRINT JE SASIPARE, Personal Representative of the Estate of PETRA SELS RUMPIA, Deceased, | |
| INNEKE TOMBOKAN, Personal Representative of the Estate of HARI SUDARYONO, Deceased, | |
| FRANSISKA MONINGKA, Personal Representative of the Estate of MARIA J, TOLIU, Deceased, | |
| FRANSISKA MONINGKA, Personal Representative of the Estate of IGNATI GATUWATI, Deceased, | |
| FRANSISKA MONINGKA, Personal Representative of the Estate of STEPHANUS GATUWATI, Deceased, | |
| SH ZULFIA, Personal Representative of the Estate of CAPTAIN REFRI AGUSTIAN | |

- 1 -

WIDODO, Deceased,

ABRAHAM MOMONGAN, Personal
Representative of the Estate of JOLLY
WILLEM MOMONGAN, Deceased,

ABRAHAM MOMONGAN, Personal
Representative of the ABRAHAM
MOMONGAN, Personal Representative of the
Estate of SHEYSITA TURANGAN,
Deceased,

DENNY LALE, Personal Representative of the
Estate of DANIEL LALEL, Deceased,

DENNY LALE, Personal Representative of the
Estate of NONTJE TUMBELAKA, Deceased,

CHARLES HANDOKO, Personal
Representative of the Estate of RENDY
CHRISTIAN HANDOKO, Deceased,

ETY SRIWATI, Personal Representative of
the Estate of NINING IRIYANI, Deceased,

HENDRICUS HANDONO WARIH, Personal
Representative of the Estate of ARISTON
SETYO WIDODO, Deceased,

HENDRICUS HANDONO WARIH, Personal
Representative of the Estate of ELISABETH
FERI JRIHANDAYANI, Deceased,

HENDRICUS HANDONO WARIH, Personal
Representative of the Estate of FRANSISKA
ROMANA SRI HARTINI, Deceased,

HENDRICUS HANDONO WARIH, Personal
Representative of the Estate of LEONARDO
PRAMATYA ARDANA, Deceased,

HENDRICUS HANDONO WARIH, Personal
Representative of the Estate of JROLFILUS
RIKESA ARNATA, Deceased,

T.A. BRATA, Personal Representative of the
Estate of VERAWATI CHATARINA,
Deceased,

DICKY FIRMAN TARIGAN, Personal
Representative of the Estate of VITTORIO
BUYUNG PUTRANTO, Deceased,

ELLEN T. KARWUR, Personal

- 2 -

Representative of the Estate of FLONIA
MONICA ASSA, Deceased,

RR. ANGGRAENI KUSUMANINGTYAS,
Personal Representative of the Estate of
SUSETIJA BUDI, Deceased,

ENDAH PROBORINI, Personal
Representative of the Estate of BAMBANG
SUPRIYANTO, Deceased,

                              Plaintiffs,

     v.

THE BOEING COMPANY, a corporation,
WORLD STAR AVIATION SERVICES,
INC., a corporation; TRITON AVIATION
BUSINESS SERVICES HOLDINGS, LLC;
TRITON AVIATION LTD, d/b/a TRITON
AVIATION LTD., LTD., WELLS
FARGO BANK NORTHWEST, NATIONAL
ASSOCIATION, WELLS FARGO &
COMPANY, and HONEYWELL
INTERNATIONAL INC.,

                              Defendants.

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that defendant The Boeing Company ("Boeing") removes

this case from the Circuit Court of Cook County, Illinois to the United States District Court for

the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §§ 1369, 1441, and

1446.

## I.    INTRODUCTION AND BACKGROUND

On January 1, 2007, Adam Air Flight DHI-574[1] crashed while flying from Surabaya,

Indonesia to Manado, Indonesia (the "Accident"). The Accident was investigated by the

Indonesian National Transportation Safety Committee ("NTSC"). True and correct excerpts of

the Indonesian NTSC's Final Report are attached as Exhibit A. According to the Indonesian

---

[1] Adam Air Flight DHI-574 is referred to in plaintiffs' Complaint as Adam Air Flight "KI-574." *See* Ex.
C ¶ 1.

- 3 -

NTSC's Final Report, none of the 6 crew members and 96 passengers aboard the aircraft survived the Accident. *See* Ex. A at 9, 33. All of the plaintiffs in this action and their decedents are or were citizens of Indonesia. A true and correct copy of a January 3, 2007 Daily Telegraph article titled "Rescuers deny airliner found," is attached as Exhibit B.

Plaintiffs in this action filed their Complaint on December 30, 2008, in the Circuit Court of Cook County, Illinois, County Department, Law Division, as Case No. 2008L014338. A true and correct copy of plaintiffs' Complaint is attached as Exhibit C. Plaintiffs' Complaint names seven defendants: Boeing, World Star Aviation Services, Inc., Triton Aviation Business Services Holdings, LLC, Triton Aviation Ltd. d/b/a Triton Aviation Ireland, Ltd., Wells Fargo Bank Northwest, National Association, Wells Fargo & Company, and Honeywell International Inc. None of these defendants is a citizen of Indonesia. *See* Ex. C ¶¶ 3, 6, 12, 14, 17, 19, 20, 21.

- Defendant Boeing is a Delaware corporation and its corporate headquarters are in Illinois. Boeing does business in many states, including, but not limited to, Washington, California, Missouri, and Illinois. Boeing does not have its principal place of business in Indonesia.

- Defendant World Star Aviation Services, Inc. is a California corporation with its principal place of business in California.

- Defendant Triton Aviation Business Services Holdings, LLC is an entity organized under the laws of California with its principal place of business in California.

- Defendant Triton Aviation Ireland, Ltd. is not, as plaintiffs allege, an entity under whose name Triton Aviation Ltd. does business. Instead, defendant Triton Aviation Ireland, Ltd. is a corporation existing under the laws of the Republic of

- 4 -

Ireland with its principal place of business in Ireland.

- Defendant Wells Fargo Bank Northwest, National Association is a national banking association chartered under the laws of the United States of America with its principal place of business therein. Wells Fargo Bank Northwest, National Association does not have its principal place of business in Indonesia.

- Defendant Wells Fargo & Company, the parent company of Wells Fargo Bank Northwest, National Association, was a Delaware corporation with its headquarters and principal place of business in California.

- Defendant Honeywell International Inc. is a Delaware corporation with its principal place of business in New Jersey.

Two additional wrongful death and personal injury actions arising from the Accident are currently pending against the same defendants to this action. *See Lendo, et al. v. World Star Aviation, Ltd., et al.*, No. 09-00359, in the United States District Court for the Northern District of California; *Sumini, et al. v. The Boeing Co., et al.*, No. 2008L014217, in the Circuit Court of Cook County, Illinois. A true and correct copy of the Notice of Removal filed in *Lendo* is attached as Exhibit D. A true and correct copy of the Complaint filed in *Sumini* is attached as Exhibit E. Like the plaintiffs in this action, the *Lendo* and *Sumini* plaintiffs seek compensation for the deaths of passengers and/or crew members in the Accident. *See Ex. D; Ex. E.*

Pursuant to 28 U.S.C. §§ 1369, 1441, and 1446, Boeing removed the *Lendo* action from the Superior Court of the State of California, County of San Francisco to the United States District Court for the Northern District of California on January 27, 2009. Boeing is, contemporaneous with the filing of this Notice of Removal, filing removal papers in *Sumini* with this Court on January 28, 2009. Boeing further intends to file a motion pursuant to 28 U.S.C.

- 5 -

§ 1407 with the Judicial Panel on Multidistrict Litigation to transfer all of these actions to a single district for coordinated or consolidated pretrial proceedings. These three cases involve common questions of fact and law that make consolidation proper.

Venue of this removed action is proper pursuant to 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division embracing the place where the removed action was pending.

## II.    GROUNDS FOR REMOVAL

Two grounds for removal exist. First, this action is removable under 28 U.S.C. §§ 1369, 1441(a), and 1441(e)(1)(A). Section 1369 created "a mechanism whereby litigation stemming from one major disaster could easily be consolidated in one federal court for discovery and trial." *Passa v. Derderian*, 308 F. Supp. 2d 43, 53 (D.R.I. 2004).[2] In order to establish original jurisdiction under section 1369, the party asserting jurisdiction must show that: (1) there is minimal diversity between the parties; (2) the action arises from a single accident at a discrete location, where at least 75 natural persons have died; (3) one defendant resides in one state and a substantial part of the accident took place in another state or country; and (4) the court is not required to abstain from exercising 1369(a) jurisdiction under 1369(b). *Case v. ANPAC La. Ins. Co.*, 466 F. Supp. 2d 781, 789 (E.D. La. 2006). As established below, this Court would have had original jurisdiction over plaintiffs' claims pursuant to 28 U.S.C. § 1369 had plaintiffs elected to file the action initially in federal court because there is minimal diversity between the parties and this Accident involves at least 75 deaths at a discrete location in a single accident. Therefore,

---

[2] The Court explained in *Passa* that it

> is also clear that Congress' motivation in passing this legislation was to promote judicial efficiency while avoiding multiple lawsuits concerning the same subject matter strewn throughout the country in various state and federal courts. Thus, § 1369 was intended to address these concerns by creating a new statutory grant of original federal jurisdiction aimed exclusively at large accidents resulting in 75 or more deaths.

308 F. Supp. 2d at 53-54. Indeed, Congress contemplated that "major airline disasters" were the very types of events that were intended to be the subject of jurisdiction under section 1369. *Id.* at 54.

LEGAL15210852.1

this case is removable. *See* 28 U.S.C. §§ 1369(a), 1441(a), and 1441(e)(1)(A); *see also* Ex. A at

9, 33 (concluding that none of the 102 individuals aboard the aircraft survived); Ex. C ¶ 1

(alleging "the deaths of more than 90 individuals" as a result of the Accident). A case is

removable under §§ 1369 and 1441(e) even if a defendant is a citizen of the state where the

action is brought. 28 U.S.C. § 1441(e)(1). Additionally, there is no amount in controversy

requirement for jurisdiction under 28 U.S.C. § 1369.

Second, this action is removable under 28 U.S.C. § 1441(e)(1)(B). This action arises out

of the same Accident as do the *Lendo* lawsuit that is pending in the United States District Court

for the Northern District of California and the *Sumini* lawsuit that is being removed to the United

States District Court for the Northern District of Illinois. Because (a) the *Lendo* action has

already been properly removed to a United States district court pursuant to 28 U.S.C. § 1369;

(b) the *Sumini* action could have been brought under 28 U.S.C. § 1369 in a United States district

court; and (c) both actions arise from the same Accident as the present action, the present action

is also removable regardless of whether it could have originally been brought in federal court.

*See id.* § 1441(e)(1)(B) (providing that removal is proper if "the defendant is a party to an action

which . . . could have been brought, in whole or in part, under section 1369 in a United States

district court and arises from the same accident as the action in State court.").

**A.     The present action is removable under 28 U.S.C. § 1441(a) and (e)(1)(A) because
federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1369(a) and it
could have been brought originally in federal court.**

**1.     There is Minimal Diversity.**

The first prerequisite to original federal jurisdiction under section 1369(a) is that

"minimal diversity" exists between adverse parties to the action. *See id.* § 1369(a). Minimal

diversity "exists between adverse parties if ***any*** party is a citizen of a State and ***any*** adverse party

is a citizen of another State, a citizen or subject of a foreign state, or a foreign state as defined in

section 1603(a) of this title." *Id.* § 1369(c)(1) (emphasis added). Thus, minimal diversity exists

if any one plaintiff is from a different state or country than any one defendant.

- 7 -

One, if not all, of the plaintiffs in this action is a citizen of Indonesia for purposes of removal under section 1369. "The relevant citizenship of plaintiffs in a wrongful death action is that of the decedent." *Wheelock v. Sport Kites, Inc.*, 839 F. Supp. 730, 734 n.3 (D. Haw. 1993); *see also* 28 U.S.C. § 1332(c)(2). Here, all but three of the Accident aircraft's passengers were Indonesian citizens. *See* Ex. B. Plaintiffs in this action collectively bring suit to recover for the deaths of thirty decedents, all of whom are alleged to have been passengers on the Accident aircraft. *See* Ex. C ¶¶ 2, 35. Thus, at least one, if not all, of the plaintiffs and their decedents in this action is deemed a resident of Indonesia.

All of the defendants in this case are citizens of the United States. Section 1369 provides that a corporation is a citizen only of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1369(c)(2). Defendant Boeing is, and was at the time plaintiffs filed this action, a corporation organized under the laws of the state of Delaware with its corporate headquarters in Illinois. Boeing is thus a U.S. corporation with its principal place of business in the United States. Defendant Honeywell is incorporated under the laws of the state of Delaware with its principal place of business in New Jersey. Neither of these defendants is incorporated under the laws of Indonesia or has its principal place of business in Indonesia. Likewise, none of the other defendants in this action is incorporated under the laws of Indonesia or has its principal place of business in Indonesia. *See* Ex. C ¶¶ 6, 12, 14, 17, 19, 20, 21. Therefore, minimal diversity exists between at least one plaintiff in this action and one defendant in this action.

## 2.     The Single Accident, 75 Deaths, and Discrete Location Requirements Are Satisfied.

The second prerequisite to federal jurisdiction under section 1369 is that the civil action arises from a single accident in which at least 75 persons died at a discrete location. *See* 28 U.S.C. § 1369(a); *Case*, 466 F. Supp. 2d at 789. Section 1369 defines "accident" as a "sudden accident . . . that results in death incurred at a discrete location by at least 75 natural persons." 28 U.S.C. § 1369(c)(4). Congress contemplated that "major airline disasters" were the very

- 8 -

types of accidents that were intended to be the subject of jurisdiction under section 1369. *Passa*, 308 F. Supp. 2d at 54. The accident at issue is the crash of Adam Air Flight DHI-574 on January 1, 2007. As previously noted, according to the Indonesian NTSC's Final Report, none of the 96 passengers and the airplane's 6 person crew survived the Accident. *See* Ex. A at 9, 33; *see also* Ex. C ¶ 1 (alleging the deaths of "more than 90 individuals" as a result of the Accident). Thus, the Adam Air Flight DHI-574 crash was a single accident in which more than 75 persons died at a discrete location, and section 1369's second requirement is satisfied. *See* 28 U.S.C. § 1369(a).

### 3.    A Defendant Resides in a State Other Than Where The Accident Occurred.

The third and final prerequisite to original jurisdiction under section 1369 is that the action also satisfy one of three additional criteria set forth in subparts (a)(1)-(3). *See id.* § 1369(a)(1)-(3). This action satisfies at least subpart (a)(1), which requires that "a defendant resides in a State and a substantial part of the accident took place in another State or other location, regardless of whether that defendant is also a resident of the State where a substantial part of the accident took place." *Id.* § 1369(a)(1). Accordingly, as long as a defendant "resides" in a state other than the place where the accident occurred (even if it also "resides" where the accident occurred), this subpart is satisfied. This is demonstrated by the use of the "regardless of" clause in this subsection. Because a "substantial part of the accident" took place in Indonesia, Boeing need only show that it "resides" somewhere other than Indonesia.

Here, Boeing resides in at least one state other than Indonesia. For purposes of section 1369, a corporation like Boeing "is deemed to be a resident of any State in which it is incorporated or licensed to do business or is doing business." *Id.* § 1369(c)(2). The residency requirement recognizes that corporations may be residents of several states and permits the utilization of any one of those states to satisfy the requirement of subpart (a)(1). *Id.* § 1369(a)(1). Under this definition, Boeing resides in many states other than Indonesia. For example, Boeing is a resident of Delaware, the state of its incorporation, and this requirement of 28 U.S.C. § 1369(a)(1) is met.

- 9 -

### 4. Section 1369(b) Does Not Require Abstention.

Section 1369(b) identifies circumstances when the district court shall abstain from hearing a civil action described in § 1369(a). Abstention is only called for when (1) a substantial majority of all plaintiffs are citizens of a single state of which all primary defendants are also citizens, and (2) the claims will be primarily governed by the law of that state. *Id.* § 1369(b); *see also Passa*, 308 F. Supp. 2d at 55-63.

As explained above, a plaintiff to a wrongful death claim is deemed to be a resident of the state in which plaintiffs' decedent resided. Here, all of the plaintiffs and their decedents are or were citizens and residents of Indonesia. *See* Ex. C ¶ 1. The term "primary defendants" is undefined in the statute but has been interpreted as those defendants facing direct liability rather than defendants sued under theories of vicarious liability, contribution, or indemnification. *Passa*, 308 F. Supp. 2d at 62-63. By the allegations in plaintiffs' Complaint, all seven defendants in this case are primary defendants. Boeing, a primary defendant, is not a citizen of the same state (Indonesia) as a substantial majority of the plaintiffs and, therefore, abstention under section 1369(b) does not apply. Section 1369(b) also does not apply for a separate reason. The *Passa* court noted that, under the language of this section, "if all defendants facing direct liability are from more than one state, however, the requirement is not met, and abstention is not mandated." *Id.* at 63. Since the defendants are citizens of different states, abstention is not mandated. *See* Ex. C ¶¶ 6, 12, 14, 17, 19, 20, 21.

**B.    The present action is removable under 28 U.S.C. § 1441(e)(1)(B) because it arises out of the same accident as the *Lendo* action currently pending in the United States District Court for the Northern District of California and the *Sumini* action currently pending in the Circuit Court of Cook County, Illinois.**

The instant action could have been brought originally in district court pursuant to 28 U.S.C. § 1369. Even if this were not the case, however, removal would still be proper. As a separate basis for removal, 28 U.S.C. § 1441(e)(1)(B) provides that a defendant in a State court civil action may remove the action to the appropriate United States district court if:

- 10 -

the defendant is a party to an action which is or could have been brought, in whole or in part, under section 1369 in a United States district court and arises from the same accident as the action in State court, even if the action to be removed could not have been brought in a district court as an original matter.

*See* 28 U.S.C. § 1441(e)(1)(B).

1. **The *Lendo* action, which arises out of the same Accident as this action, is presently pending in the United States District Court for the Northern District of California.**

As stated previously, Boeing is a defendant in the *Lendo* case, which is a separate action arising, like the instant action, from the crash of Adam Air Flight DHI-574. *See* Ex. D at 3. Boeing removed *Lendo* from the Superior Court of California to the United States District Court for the Northern District of California on January 27, 2009, invoking 28 U.S.C. §§ 1369, 1441, and 1446 as the basis for jurisdiction. Thus, Boeing may remove this case to this Court because it is "a party to an action which is . . . brought . . . under section 1369 in a United States district court [which] arises from the same accident" as the instant action. 28 U.S.C. § 1441(e)(1)(B).

The *Lendo* plaintiffs could also have brought the case in federal court pursuant to 28 U.S.C. § 1369. The *Lendo* action arises from a single accident where at least 75 natural persons have died in the accident. *See* Ex. D at 6 (citing paragraph 1 of the *Lendo* complaint, which alleges that the Accident killed "all 102 people on board"); 28 U.S.C. § 1369(a). As in this action, the plaintiffs and the plaintiffs' decedents in *Lendo* are all citizens of Indonesia and none of the plaintiffs or plaintiffs' decedents is a citizen of the United States of America. *See* Ex. D at 5 (citing paragraphs 3-11 of the *Lendo* complaint, which alleges that the plaintiffs and decedents were all citizens and residents of Indonesia). Boeing, a named defendant in *Lendo*, is a citizen of Delaware with corporate headquarters in Illinois and its principal place of business in the United States. Boeing does not have a primary place of business in Indonesia. Thus, minimal diversity exists between at least one plaintiff and one defendant in *Lendo*. *See* 28 U.S.C. § 1369(a).

- 11 -

*Lendo* similarly meets the requirements of 28 U.S.C. § 1369(a)(1). Boeing resides in several states other than Indonesia, where the accident involving Adam Air Flight DHI-574 took place. *See id.*; *see also id.* § 1369(c)(2). Furthermore, abstention is not required because Boeing, a primary defendant in *Lendo*, is not a citizen of the same state (Indonesia) as a substantial majority of plaintiffs. *See id.* § 1369(b).

The *Lendo* action, which arises out of the same accident as the present action, could have been originally brought in, and was subsequently removed to, federal court under 28 U.S.C. § 1369. Thus, even if this action could not have been removed as an original matter, its removal is nonetheless proper under 28 U.S.C. § 1441(e)(1)(B).

> **2.     The *Sumini* Action is removable under 28 U.S.C. § 1441(a) and (e)(1)(A) because federal subject matter exists pursuant to 28 U.S.C. § 1369(a) and it could have been brought in federal court.**

As stated previously, the *Sumini* action also arises from the crash of Adam Air Flight DHI-574, in which all 6 crew members and all 96 passengers died. *See* Ex. A at 9, 33; *see also* Ex. E ¶ 6 (alleging that the Accident killed "plaintiffs' decedents and all others on board"). Thus, the *Sumini* action also arises from a single accident where at least 75 natural persons have died in the accident. *See* 28 U.S.C. § 1369(a).

As in this action, the plaintiffs and the plaintiffs' decedents in *Sumini* are all citizens of Indonesia and none of the plaintiffs or plaintiffs' decedents is a citizen of the United States of America. *See* Ex. E ¶ 1. Boeing, a named defendant in *Sumini*, is a citizen of Delaware with corporate headquarters in Illinois and its principal place of business in the United States. Boeing does not have a primary place of business in Indonesia. Thus, minimal diversity exists between at least one plaintiff and one defendant in *Sumini*. *See* 28 U.S.C. § 1369(a).

*Sumini* similarly meets the requirements of 28 U.S.C. § 1369(a)(1). Boeing resides in several states other than Indonesia, where the accident involving Adam Air Flight DHI-574 took

- 12 -

place. *See id.*; *see also id.* § 1369(c)(2). Furthermore, abstention is not required because Boeing, a primary defendant in *Sumini*, is not a citizen of the same state (Indonesia) as a substantial majority of plaintiffs. *See id.* § 1369(b).

The *Sumini* action, which arises out of the same accident as the present action, could have been brought in federal court pursuant to 28 U.S.C. § 1369 and Boeing is, contemporaneous with the filing of this Notice of Removal, filing removal papers in *Sumini* with this Court on January 28, 2009. Thus, even if this action could not have been removed as an original matter, its removal is nonetheless proper under 28 U.S.C. § 1441(e)(1)(B).

**C.     Boeing has satisfied the other requirements for removal.**

Venue of this removed action is proper pursuant to 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division embracing the place where the removed action was pending.

Consent from all defendants is not required for removal pursuant to section 1369 and 1441(e)(1). Even if it were required, it is Boeing's understanding, after diligent investigation, that Boeing, Honeywell International Inc., Triton Aviation Business Services Holdings, LLC, and Wells Fargo Bank Northwest, National Association are the only defendants to have been served with process in the present action and that the earliest date of service of process on defendants is January 13, 2009. Although consent is not required, defendants Honeywell International Inc. and Triton Aviation Business Services Holdings, LLC have consented to removal and their written consent is attached as Exhibits F and G, respectively. Boeing understands that Wells Fargo Bank Northwest, National Association also will consent to removal and that it will separately file a written consent to removal within 30 days of the date of first service in this case. Consent to removal from the other unserved defendants is not required.

- 13 -

In accordance with 28 U.S.C. § 1446(a), attached as Exhibit C to this Notice of Removal are true and correct copies of all process, pleadings, and orders served upon Boeing in this action.

Pursuant to 28 U.S.C. § 1446(d), Boeing is today serving this Notice of Removal on plaintiffs and will file a copy of this Notice with the Clerk of the Circuit Court of Cook County Illinois, County Department, Law Division.

Pursuant to 28 U.S.C. § 1369(e), "[a] district court in which an action under this section is pending shall promptly notify the judicial panel on multidistrict litigation of the pendency of this action." Boeing also intends to file a motion pursuant to 28 U.S.C. § 1407 with the Judicial Panel on Multidistrict Litigation to transfer this action and the *Sumini* and *Lendo* actions to a single district for coordinated or consolidated trial proceedings.

## III.   CONCLUSION

WHEREFORE, defendant The Boeing Company hereby removes this case from the

Circuit Court of Cook County, Illinois, County Department, Law Division, to this federal district

court.

DATED: January 28, 2009


By:   s/Matthew Wernz
One of Its Attorneys

William T. Cahill
WCahill@perkinscoie.com
Bates McIntyre Larson
BLarson@perkinscoie.com
Matthew Wernz
MWernz@perkinscoie.com
Perkins Coie LLP
131 S. Dearborn Street, Suite 1700
Chicago, IL 60603-5559
Tel: (312) 324-8400
Fax: (312) 324-9400

Allison R. Kendrick
AKendrick@perkinscoie.com
Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Tel: (206) 359-8000
Fax: (206) 359-9000

## CERTIFICATE OF SERVICE

I, Matthew Wernz, certify that on January 28, 2009, I caused the foregoing **NOTICE OF REMOVAL** to be served via regular mail before the hour of 5:00 p.m. on the counsel of record listed below:

### *Attorneys for Plaintiff*

Joseph A. Power, Jr.
Todd A. Smith
Brian LaCien
Carolyn Daley Scott
Power Rogers & Smith, PC
Three First National Plaza
70 West Madison, 55th Floor
Chicago, IL 60602
Phone: (312) 236-9381
Fax: (312) 236-0920

           /s/ Matthew Wernz
One of the attorneys for Defendant
The Boeing Company

01038-4926
01038-5237/LEGAL15174138.1