IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FRANS EFRAIN WUISAN, Personal Representative of the Estate of Riane Esther, Deceased, et al.,<br><br>     Plaintiffs,<br><br> -vs-<br><br>THE BOEING COMPANY, a corporation, WORLD STAR AVIATION SERVICES, INC., a corporation; TRITON AVIATION BUSINESS SERVICES HOLDINGS, LLC; TRITON AVIATION LTD, d/b/a TRITON AVIATION IRELAND, LTD., WELLS FARGO BANK NORTHWEST NATIONAL ASSOCIATION, WELLS FARGO & COMPANY, and HONEYWELL INTERNATIONAL INC.,<br><br>     Defendants. | Case No. 09-cv-556<br><br>The Honorable Marvin E. Aspen |

## DEFENDANT THE BOEING COMPANY'S
## MOTION TO STAY DEADLINES AND PROCEEDINGS

**NOW COMES** defendant The Boeing Company ("Boeing") and moves this Court

pursuant to Federal Rule of Civil Procedure 16 to enter an order staying this action (including all

deadlines pursuant to the Court's February 26, 2009 Minute Order and standing order) until the

Judicial Panel on Multidistrict Litigation (the "Panel") has ruled on Boeing's Motion to Transfer

and Consolidate ("Motion to Transfer") this case with related cases arising out of the crash of

Adam Air Flight DHI-574 off the coast of the island of Sulawesi, Indonesia (the "Accident").

For the reasons discussed below, Boeing respectfully requests that the Court stay this action so

that all pretrial and discovery proceedings, particularly those relating to Boeing's anticipated

forum non conveniens motion, can be coordinated efficiently by a single Court as contemplated

by 28 U.S.C. § 1407. Pursuant to the Panel's rules, Boeing's Motion to Transfer will be fully

briefed on or about March 24, 2009, and any delay occasioned by this stay will be minimal.

## I.  BACKGROUND

There are currently three multi-plaintiff actions arising out of the Accident pending in different United States District Courts before different judges.  In addition to the instant action, the other two actions are entitled *Lendo, et al. v. World Star Aviation, Ltd., et al.*, No. 09-359, in the United States District Court for the Northern District of California (the "*Lendo*" action) and *Sumini, et al. v. The Boeing Co., et al.*, No. 09-CV-549 (Der-Yeghiayan, J.), in the United States District Court for the Northern District of Illinois (the "*Sumini*" action).  Plaintiffs in these actions bring wrongful death and survival actions on behalf of 52 passengers and crew members who were killed in the Accident.  All of the plaintiffs and their decedents are or were Indonesian citizens and residents.  All of the actions present common threshold legal issues as well as common factual questions regarding the Accident's cause.

Given these common issues, Boeing filed its Motion to Transfer with the Panel, requesting consolidation of the cases arising from the Accident in the United States District Court for the Northern District of California so that one court can coordinate all discovery and pretrial proceedings pursuant to 28 U.S.C. § 1407.  The Northern District of California is the most suitable transferee forum for purposes of Section 1407 because: (1) it is the U.S. district that is more centrally located to the defendants' principal places of business and relevant operations; (2) it is the U.S. district most accessible to the Indonesian plaintiffs and their evidence; and (3) it is suitably equipped to handle complex and multidistrict litigation in an expeditious manner.  None of the plaintiffs in any of the three cases allege that any conduct relevant to this case occurred in the Northern District of Illinois.  A copy of Boeing's Motion to Transfer was filed with this court as Docket No. 33 in this action.

Common threshold issues in these cases require coordinated handling from their very

inception. The first threshold issue is whether any U.S. forum is convenient for the litigation of claims on behalf of Indonesian decedents arising out of this Indonesian air crash or whether the claims should be dismissed on the grounds of forum non conveniens. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235 (1981); *Clerides v. Boeing Co.*, 534 F.3d 623 (7th Cir. 2008); *Lueck v. Sunstrand Corp.*, 236 F.3d 1137 (9th Cir. 2001). Boeing anticipates filing a forum non conveniens motion in all of these actions. Boeing further anticipates moving to limit the initial phase of discovery to issues related to forum non conveniens rather than proceeding on full-blown merits discovery. This approach has been followed by other judges within this and other districts. *See, e.g.*, Exhs. A, B & C (orders from Judges John F. Grady, George W. Lindberg, and Joan H. Lefkow limiting discovery to forum non conveniens issues). For the sake of efficiency and avoiding potentially inconsistent rulings, a single court should decide whether this approach will apply in these cases.[1]

Although these cases are still at their inception and no defendant has answered or otherwise pled they are moving forward in a manner that will preclude such coordinated handling.[2] This will lead to inefficiencies, wasted effort, and, possibly, inconsistent pretrial rulings and schedules. Each of the three judges to whom a case has been assigned has standing orders that impose different obligations on the parties, has set different status conference dates to occur across the country and imposed different obligations for initial discovery and the filing of different types of initial status reports, jurisdictional status reports, and case management statements. *See* Exs. E, F & G. A stay in all actions pending transfer by the Panel would

---

[1] Another threshold issue is the enforceability of releases that the majority of the plaintiffs in each action has already executed. These releases settle all claims arising from the Accident, explicitly name Boeing and other defendants in these U.S. actions as "Releasees," are governed by Indonesian law, and require that any litigation arising out of the Releases be brought in Indonesia. (An exemplar release is attached hereto as Exhibit D).

[2] Defendants' answers are due on March 4 and 5, 2009 in this action and on March 4, 2009 in the *Sumini* action. To the best of Boeing's knowledge, no defendant has been served in the *Lendo* action.

preserve judicial resources and prevent prejudice to the parties by allowing a single judge to oversee consolidated pretrial proceedings from the cases' inception. Boeing intends to file similar motions to stay in the *Lendo* and *Sumini* actions and anticipates that the motion in the *Sumini* action will be heard by Judge Der-Yeghiayan on March 4, 2006.

## II.     ARGUMENT

This Court has the power to stay proceedings based on its inherent power to control litigation "with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also* Stanley A. Weigel, The Judicial Panel on Multidistrict Litigation, Transferor Courts and Transferee Courts, 78 F.R.D. 575, 577 n.11 (1978) (noting that courts may elect to suspend pretrial proceedings in cases in which transfer by the Panel is anticipated). In deciding a motion to stay, courts consider three factors: "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) (citation omitted); *see also Bd. of Tr. of Teachers' Ret. Sys. of Ill. v. Worldcom, Inc.* (*WorldCom*), 244 F. Supp. 2d 900, 903 (N.D. Ill. 2002) (citing *Rivers*).

The considerations of convenience, consistency, and judicial economy that underlie the multidistrict litigation process favor staying the proceedings pending the Panel's ruling. *See Rivers*, 980 F. Supp. at 1360-61; *Palmer v. Am. Honda Motor Co.*, No. CV 07-1904-PHX-DGC, 2008 WL 54914, at *1 (D. Ariz. Jan. 3, 2008). This exact approach was recently followed by Judge John F. Grady of this district and Judge Thomas Zilly of the Western District of Washington. Both judges stayed cases arising out of a common Indonesian aviation accident

while the Panel considered a Motion for Consolidation under Section 1407.  *See* Exs. H & I.

Other courts have followed this same approach.  *See Worldcom*, 244 F. Supp. 2d at 905 (finding that "[j]udicial economy favors a stay" pending resolution of transfer motion by the Panel).  "District courts often will exercise their discretionary power to stay the proceedings before them with regard to a variety of matters pending a decision by the Judicial panel on Multidistrict Litigation regarding the transfer of a case, especially when such a stay would further the policies of judicial economy, efficiency, and consistency that are deeply imbedded in the federal multidistrict litigation statute."  *Parizek v. Velocity Express, Inc.*, No. 08-C-0478, 2008 WL 4279381, at *1-*2 (E.D. Wis. Sept. 12, 2008) (quoting 15 WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE, § 3866.1 (3d ed. 2007)).  There are no unique issues in this action that differentiate it from cases where a stay pending a Panel ruling has been granted.

In this case, a stay will save judicial resources and promote the efficient and coordinated judicial control of this litigation.  There is little doubt that the Panel will grant Boeing's Motion to Transfer and to consolidate these actions.  The Panel itself has acknowledged that separate actions arising from a single air crash are "a prime example of the need which gave rise to enactment of Section 1407."  *In re Air Crash Disaster Near Chi., Ill. on May 25, 1979*, 476 F. Supp. 445, 447 (J.P.M.L. 1979); *see also, e.g.*, *In re Air Crash Near Peixoto de Azeveda, Brazil, on September 29, 2006*, 493 F. Supp. 2d 1374 (J.P.M.L. 2007); *In re Air Crash Near Athens, Greece, on August 14, 2005*, 435 F. Supp. 2d 1340 (J.P.M.L. 2006) (all granting transfers of actions arising from airline crash).  Once the Panel transfers this case for consolidated pretrial proceedings, a unified and coordinated approach to the parties' pretrial obligations will be followed.  Now, however, Boeing and the other defendants are subject to three different sets of

standing orders and case-specific orders. *See* Exs. B, C & D.

Proceeding on this path would not fulfill the goals of consolidated pretrial proceedings embedded in Section 1407. *Rivers*, 980 F. Supp. at 1360-61; *Palmer v. Am. Honda Motor Co.*, 2008 WL 54914, at *1. Indeed, allowing the present case to proceed now will require three different courts to determine whether full-blown case planning and discovery on the merits is even warranted in light of the threshold forum non conveniens and release issues. It will also require the parties to appear at multiple initial status conferences, engage in multiple discovery planning sessions and conferences, and prepare multiple (and non-uniform) reports required by the various courts. At best, this is inefficient and requires triplicative effort on the part of the defendants. At worst, it may be a complete waste if the transferee court requires new and/or different status conferences, case planning, and discovery efforts. *See Benge v. Eli Lilly & Co.*, 553 F. Supp. 2d 1049, 1050 (N.D. Ind. 2008) (granting stay to avoid discovery efforts that would be duplicated in the MDL proceeding). Given this, the better course is to eliminate the risk of uncoordinated and inefficient pretrial proceedings by staying the proceedings in this action until the Panel consolidates these cases. *See Rivers*, 980 F. Supp. at 1360-61.

Because the present actions are at their inception, a temporary stay pending the Panel's ruling will not prejudice any party. If this case did proceed, the parties and this Court would needlessly expend resources familiarizing themselves with the intricacies in this case, only to have the transferee court replicate such efforts post-transfer. *Rivers*, 980 F. Supp. at 1360-61. Such replication of effort, and not a temporary stay, would prejudice the parties and the courts.

**WHEREFORE,** defendant The Boeing Company respectfully requests that this Court stay all deadlines and proceedings in this action pending a ruling by the Judicial Panel on Multidistrict Litigation on Boeing's Motion to Transfer, and for such other relief as the Court

deems just and reasonable.

DATED: February 27, 2009


By:    /s/ Bates McIntyre Larson
           One of Its Attorneys

William T. Cahill
WCahill@perkinscoie.com
Bates McIntyre Larson
BLarson@perkinscoie.com
Matthew H. Wernz
MWernz@perkinscoie.com
Perkins Coie LLP
131 S. Dearborn Street, Suite 1700
Chicago, IL 60603-5559
Tel: (312) 324-8400
Fax: (312) 324-9400

Allison R. Kendrick
AKendrick@perkinscoie.com
Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Tel: (206) 359-8000
Fax: (206) 359-9000

## CERTIFICATE OF SERVICE

I, Bates McIntyre Larson, certify that on February 27, 2009, I caused the foregoing **DEFENDANT THE BOEING COMPANY'S MOTION TO STAY DEADLINES AND PROCEEDINGS** to be served via CM/ECF before the hour of 5:00 p.m. on the counsel of record listed below:

**_Attorneys for Plaintiff_**
Joseph A. Power, Jr.
Todd A. Smith
Brian LaCien
Carolyn Daley Scott
Power Rogers & Smith, PC
Three First National Plaza
70 West Madison, 55th Floor
Chicago, IL 60602
Phone: (312) 236-9381
Fax: (312) 236-0920

**_Attorneys for Defendants Wells Fargo & Co., Wells Fargo Bank Northwest, N.A., not in its individual capacity but solely as owner-trustee, Triton Aviation Business Services Holdings, LLC and_**
**_World Star Aviation Services, Inc._**

Gary W. Westerberg
Christopher R. Barth
Matthew J. Kalas
LOCKE LORD BISSELL & LIDDELL LLP
111 S. Wacker Dr.
Chicago, IL 60606-4410
Tel.: (312) 443-0700
Fax: (312) 443-0336

**_Attorneys for_**
**_Defendant Honeywell International Inc._**

Michael G. McQuillen
Mark S. Susina
Austin W. Bartlett
ADLER MURPHY & MCQUILLEN LLP
Chicago, Illinois 60602
Tel.: (312) 345-0700
Fax: (312) 345-9860

　　/s/　Bates McIntyre Larson
One of the attorneys for Defendant
The Boeing Company