# Exhibit A

Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Judge John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 250 | **DATE** | April 26, 2007 |
| **CASE TITLE** | Adiputra v. The Boeing Company | | |

**DOCKET ENTRY TEXT:**

Rule 16 conference held in chambers.  The case is set for a status conference on June 20, 2007 at 10:30 a.m. Boeing will notice up a motion for relatedness which can be heard at that time.  SEE BELOW FOR DETAILS.

Docketing to mail notices

## STATEMENT

Rule 16 conference held in chambers.   This is a case arising out of an airplane crash in Indonesia which resulted in many deaths and other injuries.  Boeing and Pratt & Whitney (UTC) are the defendants, but Pratt & Whitney has not yet been served and is not present at today's conference.  Service will be made within the next few days and we will set a status conference for a time that will accommodate its time for answer. Boeing indicates today that it may file a *forum non conveniens* motion to dismiss on the ground that the case should be filed in Indonesia.  There are two pending appeals before the 7th Circuit on the issue of *forum non conveniens*, one of them involving an air crash.  The discovery available to a plaintiff in Indonesia is apparently quite limited in comparison to what is available in this country and therefore the court will not encourage the parties to engage in any involuntary merits discovery until after any *forum non conveniens* motion has been decided.

Boeing has a motion for a finding of relatedness between this case, the first filed, and a case pending before Judge Andersen, Antoro.

The case is set for a status conference on June 20, 2007 at 10:30 a.m.   Boeing will notice up a motion for relatedness which can be heard at that time.

# Exhibit B

Case: 1:09-cv-00556 Document #: 35-2 Filed: 02/27/09 Page 4 of 37 PageID #:497
Case 1:06-cv-03566    Document 52-2    Filed 01/12/2007    Page 23 of 59
Case 1:06-cv-03439    Document 4    Filed 07/18/2006    Page 1 of 2

Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 06 C 3439 | **DATE** | 7/18/2006 |
| **CASE TITLE** | In Re: Air Crash Near Athens, Greece on August 14, 2005 | | |

**DOCKET ENTRY TEXT**

An initial status hearing is set for August 23, 2006, at 11:00 a.m. General procedures that will govern these actions are set forth in this order.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

This order shall apply to actions transferred to this court by the Judicial Panel on Multidistrict Litigation pursuant to its order of June 19, 2006, as well as all related cases later filed in, removed to, or transferred to this court.

The clerk will maintain a master docket and case file under the name "In re Air Crash Near Athens, Greece on August 14, 2005," and master file number 06 C 3439. All papers filed in these actions shall bear the master file number and the MDL docket number (MDL-1773). If generally applicable to all actions in this multidistrict litigation, filings shall include in their caption the notation that they relate to "ALL CASES" and be filed and docketed only in the master case file. Documents intended to apply only to particular cases will indicate in their caption the case number of the case(s) to which they apply, and will be filed and docketed both in the master case file and the specified individual case files.

Attorneys admitted to practice and in good standing in any United States District Court are admitted *pro hac vice* in this litigation. Association of local co-counsel is not required.

Defendants are granted an extension of time for responding by motion or answer to the complaints until a date to be set by the court. All orders by transferor courts imposing dates for pleading or discovery are vacated. All outstanding disclosure and discovery proceedings are stayed and no further discovery shall be initiated until otherwise ordered by the court. This order does not preclude voluntary informal discovery or disclosures. Relief from this stay may be granted for good cause shown.

Case: 1:09-cv-00556 Document #: 35-2 Filed: 02/27/09 Page 5 of 37 PageID #:498
Case 1:06-cv-03566    Document 52-2    Filed 01/12/2007    Page 24 of 59
Case 1:06-cv-03439    Document 4    Filed 07/18/2006    Page 2 of 2

## STATEMENT

   Each party shall preserve all documents and other records containing information potentially relevant to the subject matter of this litigation. Each party shall also preserve any physical evidence or potential evidence and shall not conduct any testing that alters the physical evidence without notifying opposing counsel and, unless all parties stipulate to the test, without obtaining the court's permission to conduct the test.

   The initial status hearing will be held for the purposes specified in Federal Rule of Civil Procedure 16(a)-(c). Counsel are expected to familiarize themselves with the Manual for Complex Litigation, and to be prepared at the status hearing to suggest procedures that will facilitate the just, speedy, and inexpensive resolution of this litigation. Counsel should be prepared to provide information about all related litigation pending in other courts. Counsel should also be prepared to discuss the appointment of lead counsel for the plaintiffs, a discovery schedule, and possible grounds for dispositive motions. Counsel may furnish suggestions for additional items to be included on the agenda for the initial status hearing, by August 9, 2006.

*George W. Lindberg*

# Exhibit C

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 06 C 3566 | **DATE** | 1/22/2007 |
| **CASE TITLE** | Vivas vs. The Boeing Company | | |

**DOCKET ENTRY TEXT**

Defendant Boeing's oral motion to limit discovery to forum non conveniens issues is granted. All discovery in this case is now stayed except for requests that are narrowly tailored to the issue of forum non conveniens. If the currently pending motions to remand are resolved in defendants' favor, the court will set a briefing schedule for motions to dismiss.

■ [ For further details see text below.]

Notices mailed by Judicial staff.

---

### STATEMENT

On December 12, 2006, Boeing made an oral motion to stay merits discovery in this consolidated case and to limit initial discovery to forum non conveniens issues. The court gave the parties leave to submit letters with case citations supporting their respective positions. Boeing submitted such a letter on January 12, 2007, including eleven citations. The court has not received anything from plaintiffs.

Boeing's position is strongly supported by the cases that it cites as well as by research that the court has conducted. *See, e.g., In re Bridgestone/Firestone, Inc.*, 131 F. Supp. 2d 1027, 1030 (S.D. Ind. 2001) (holding that some discovery on facts relevant to forum non conveniens motions may be appropriate, but that discovery should not proceed uncontrolled and should be limited by the court); *Norex Petroleum Ltd.* v. *Access Indus., Inc.*, 2003 WL 1484269 (S.D.N.Y. March 21, 2003) (same); *Base Metal Trading, S.A.* v. *Aluminum*, 2002 WL 987257, at *3 (S.D.N.Y. May 14, 2002) (citations omitted) ("It is settled law that sparring concerning preliminary issues should not be permitted to degenerate into a full-blown trial on the merits. Accordingly, discovery concerning such issues as forum non conveniens and the need for comity should be narrowly focused and 'not call for detailed development of the entire case.'").

Without expressing any opinion on the merits of Boeing's anticipated motion to dismiss, the court notes that there is precedent for dismissing tort cases involving plane crashes that occurred abroad on forum non conveniens grounds. *See Piper Aircraft Co.* v. *Reyno*, 454 U.S. 235, 102 S. Ct. 252, 70 L. Ed. 2d 419 (1981). Therefore, staying merits discovery here pending resolution of that issue is prudent.

---

**Exhibit D**

Pax 7



## Statement of Release and Discharge from Legal Responsibility
### ("Release and Discharge")

On this day, Thursday, dated 1 March 2007, we, the undersigned:

1. Name : Sigit Wahjodjatmiko
   Address : Bukit Ngaliyan Permai Blok L-4, Ngaliyan, Semarang
   ID Card No.: 11.5015.251044.0001

2. Name : Emiliana Sri Muyekti
   Address : Tirtoyoso 3-8, Rejosari, Semarang Timur, Semarang
   ID Card No.: 33.7403.580950.0001

3. Name : Yovita Indah Wahyuni
   Address : Jalan Maospati Buntu F 357, Beji, Ungaran, Semarang
   ID Card No.: 33.2214.430751.0005

4. Name : T. Singgih Wahyono
   Address : Jalan Karonsih Timur Gang V/119, Ngaliyan, Semarang
   ID Card No.: 33.7415.020353.0001

5. Name : Andreas Sugih Wibowo
   Address : Jalan Srikaton Barat, Purwoyoso, Ngaliyan, Semarang
   ID Card No.: 11.5015.120954.0004

6. Name : R. Sugeng Cahyono
   Address : Karonsih Timur IX/322, Ngaliyan, Semarang
   ID Card No.: 11.5015.230157.0001

7. Name : Kristiana Hesti Cahyani
   Address : Tirtoyoso 3-8, Rejosari, Semarang Timur, Semarang
   ID Card No.: 33.7403.541160.0001

8. Name : Hendricus Handono Warih
   Address : Ikan Sepat 6/6, Perak Barat, Krembangan, Surabaya
   ID Card No.: 12.5625.221062.0002

9. Name : Mardonius Dono Pradipto
   Address : Parang Barong I No. 25, Telogosari Kulon, Pedurungan, Semarang
   ID Card No.: 11.5006.090265.0001

10. Name : Florentina Wuri Handayani
    Address : Tirtoyoso III/8, Rejosari, Semarang Timur, Semarang
    ID Card No.: 33.7406.560267.0001

In this matter acting for ourselves;



as the beneficiaries of Ariston Setyo Widodo, a passenger ("**Passenger**") who died in the accident of PT. Adam SkyConnection Airlines' Boeing 737-4Q8 aircraft ("**Aircraft**") operating as flight number KI 574 from Surabaya to Manado, on 1 January 2007, near Sulawesi, Indonesia ("**Accident**"), based on the Beneficiary Letter dated 27 January 2007 and the Statement Letter regarding Family Relations No. No. 596/21/436.9.06/07 dated 29 January 2007 (hereinafter referred to as the "**Releasor**").

The Releasor hereby states that they have fully received the Severance Payment and Compensation in the amount of Indonesian Rp. 828,000,000.- (eight hundred and twenty eight million Rupiah), (hereinafter referred to as "**Severance Payment and Compensation**") from PT. Adam SkyConnection Airlines ("**AdamAir**"). This Severance Payment and Compensation is for and in consideration of and shall serve as final and complete settlement of all and any past, present and future charges, objections, claims, demands, obligations, liabilities, actions, cause and causes of action, suits, damages, benefits, costs, losses of services, expenses, debts, dues, sums of money, accounts, reckonings, bonds, bills, agreements and any form of agreements including but not limited to contracts and promises, controversies, variances, trespasses, judgments, executions, and any other claims and demands of any and every kind and nature whatsoever, based on any prevailing laws and regulations, whether for alleged or actual damages, punitive damages, material or immaterial losses, wrongful death, survival actions, property losses, business losses, loss of profits, injuries, or other losses or expenses, as well as all potential claims of whatsoever kind or nature relating to any and all damages, injuries or other losses, whether known or unknown, foreseen or unforeseen arising, which Releasor now has, or claims to have, or which may hereafter accrue or otherwise be acquired, on account of, or arising out of or will arise from or in connection with the death of the Passenger, as a result of the Accident.

Upon receiving the Severance Payment and Compensation, the Releasor states the following:

1.  The Releasor agrees to release and forever renounce all of their rights to file, bring legal proceedings of any kind, or to assert by any means past, present and future charges, objections, claims, demands, obligations, liabilities, actions, cause and causes of action, suits, damages, benefits, costs, losses of services, expenses, debts, dues, sums of money, accounts, reckonings, bonds, bills, agreements and any form of agreements including contracts and promises, controversies, variances, trespasses, judgments, executions, and any other claims and demands of any and every kind and nature whatsoever, based on any prevailing laws and regulations, whether for alleged or actual damages, punitive damages, material or immaterial losses, wrongful death, survival actions, property losses, business losses, loss of profits, injuries, or other losses or expenses, as well as all potential claims of whatsoever kind or nature relating to any and all damages, injuries or other losses, whether known or unknown, foreseen or unforeseen arising, which the Releasor now has, or claims to have, or which may hereafter accrue or otherwise be acquired, on account of, or in any way arising out of the Accident against or which relates to AdamAir and any and all of its past, present and future



officers, directors, commissioners, shareholders, attorneys, agents, servants, representatives, employees, subsidiaries, parent companies, affiliates, partners, joint venturers, contractors and sub-contractors, brokers, insurers and reinsurers; The Boeing Company, CFM International, General Electric Company, GE-Aviation, General Electric Aircraft Engines, Snecma, Société Nationale d'Étude et de Construction de Moteurs d'Aviation, PT GMF AeroAsia, Israel Aerospace Industries Ltd, Inertial Aerospace Services, Inc., Honeywell Inc, Honeywell International Inc, Honeywell Aerospace, PT Pertamina (Persero), PT Garuda Indonesia, Smiths Aerospace, Smiths Aerospace limited, Smiths Group plc, Pacific Instruments Inc, Pacific Southwest Instruments, Rockwell Collins, Thomson-CSF Communications, L-3 Communications Aviation Recorders, L-3 Communications Corporation, Allied Signal, Hamilton Sundstrand, Panasonic Avionics Corporation, Matsushita Electric Industrial Co., Ltd, United Technologies Corporation, Thales Aerospace, Thales Group, Motorola Inc, Parker Hannifin Corporation, Jeppesen Sanderson, Inc., Boeing Commercial Aviation Services, Boeing Commercial Airplanes, and any person or business entity who manufactured, designed, supplied, sold or installed any part, component, or system which was on, a part of, or incorporated into the Aircraft and its engines, and any person or business entity who contracted or sub-contracted for, or performed ground handling services of any kind, maintenance, repairs, overhauling, service checks, refurbishment, training, inspections, return to service, or installation of parts, components or systems, at any time on the Aircraft and its engines, and any and all of their past, present and future officers, directors, commissioners, shareholders, attorneys, agents, servants, representatives, employees, subsidiaries, parent companies, affiliates, partners, joint venturers, contractors and sub-contractors, brokers, insurers and reinsurers; International Lease Finance Corporation, Wells Fargo Bank Northwest, National Association, Triton Aviation Finance, Triton Aviation International LLC, Triton Aviation Investments LLC, Deutsche Bank Trust Company Americas, IAI IX Inc, Jetscape Inc, Jetscape Leasing Inc, JAT Airways, any other person or business entity who has or ever had an interest as a lessor, ownership interest, security interest, trust interest or financial interest in the Aircraft and its engines, and any and all of their past, present and future officers, directors, commissioners, shareholders, attorneys, agents, servants, representatives, employees, subsidiaries, parent companies, affiliates, partners, joint venturers, contractors and sub-contractors, brokers, insurers and reinsurers, and any other persons or business entities who are or may be alleged to be responsible for any liability arising from the Accident (hereinafter individually and collectively referred to as the "**Releasees**") in any circumstances, jointly and severally, either in or out of court, arbitration or any law enforcement institution and other government institution, pursuant to any applicable laws and regulations in Indonesia and/or any other jurisdiction, including but not limited to Government Regulation of the Republic of Indonesia No.40/1995 dated 17 November 1995 regarding Air Transportation as amended by Government Regulation of the Republic of Indonesia No.3 of 2000.



2. Without prejudice to the foregoing, the Releasor acknowledges and declares that by executing this Release and Discharge, they have released, discharged and forever renounced any claim for damages or compensation of any kind whatsoever which the Releasor has or may have arising out of or in any way related to the Accident against any person or entity anywhere in the world.

3. The Releasor agrees to indemnify and hold harmless the Releasees from and against all claims which may be made by any other party(-ies) claiming to be the beneficiary(-ies) of the Passenger, or any other third party, against any one or more of the Releasees arising out of or in connection with the Accident or this settlement or the payment made based on this Release and Discharge.

4. Payment of the Severance Payment and Compensation shall not constitute an acknowledgement of the Releasees' fault and/or negligence, resulting in the Accident.

5. In consideration of the payment aforesaid the Releasor assigns and transfers all of their rights of claim against any parties arising out of the Accident to AdamAir, its insurers and reinsurers who are subrogated to such rights.

6. The Releasor warrants that there is no other legal heir(s) or beneficiaries of the Passenger and that the Releasor has not abandoned, assigned or otherwise disposed of the Releasor' rights to the estate of the Passenger.

7. The Releasor is citizen of the Republic of Indonesia and is domiciled in Indonesia.

8. This Release and Discharge, its interpretation and implementation and all consequences thereof shall be governed by and subject to the applicable laws of the Republic of Indonesia.

9. Settlement of any disputes arising out of or based on or in connection with this Release and Discharge shall be resolved through a District Court in the Republic of Indonesia.

10. In the event that any provision of this Release and Discharge should for any reason be held to be invalid, illegal or unenforceable, the remainder of this Release and Discharge shall remain in full force and effect.

11. The Releasor in this matter is not legally represented by any lawyer(s) or attorney(s).

12. This Release and Discharge shall be irrevocable and is made under free will without duress or compulsion from whomsoever.

13. This Release and Discharge is concurrently executed in the Indonesian language and in English. Both versions are primary and authentic versions. They are each to be construed on a stand-alone basis.

14. This Release and Discharge has been read by us or read and explained to us and we fully understand all the terms herein.

Semarang, 1 March 2007

1. Sigit Wahjodjatmiko





2. Emiliana Sri Muyekti



3. Yovita Indah Wahyuni



4. T. Singgih Wahyono



5. Andreas Sugih Wibowo



6. R. Sugeng Cahyono

7. Kristiana Hesti Cahyani

8. Hendricus Handono Warih

9. Mardonius Dono Pradipto



10. Florentina Wuri Handayani

Saksi pertama,

Mirza Aswar Karim

Saksi kedua,

Ilman Fauzi Rakhmat



## LEGALIZATION
Number: 002/Leg-Not/III/2007 (3 copies)

I, the undersigned below, Widhi Handoko, Sarjana Hukum, Notary in Semarang, states hereby that I, Notary, have read and explained the content of this Statement of Release and Discharge from Legal Responsibility ("Release and Discharge") to:------

------1. Mr. Sigit Wahjodjatmiko, Indonesian citizen, Doctor, born in Ambarawa, on 25 October 1944, having his address at Bukit Ngaliyan Permai Blok L-4, Ngaliyan, Semarang, holder of ID Card No.: 11.5015.251044.0001;-

------2. Ms. Emiliana Sri Muyekti, Indonesian citizen, Private Employee, born in Blora, 18 September 1950, having her address at Tirtoyoso 3-8, Rejosari, Semarang Timur, Semarang, holder of ID Card No.: 33.7403.580950.0001;----

------3. Ms. Yovita Indah Wahyuni, Indonesian citizen, Housewife, born in Blora, on 3 July 1951, having her address at Jalan Maospati Buntu F 357, Beji, Ungaran, Semarang, holder of ID Card No.: 33.2214.430751.0005;-------------

------4. Mr. T. Singgih Wahyono, Indonesian citizen, Private Employee, born in Blora, 2 March 1953, having his address at Jalan Karonsih Timur Gang V/119, Ngaliyan, Semarang, holder of ID Card No.: 33.7415.020353.0001;----

------5. Mr. Andreas Sugih Wibowo, Indonesian citizen, Retiring Private Employee, born in Blora, on 12 September 1954, having his address at Jalan Srikaton Barat, Purwoyoso, Ngaliyan, Semarang, holder of ID Card No.: 11.5015.120954.0004;-----------------------------------------------------------

------6. Mr. R. Sugeng Cahyono, Indonesian citizen, Private Employee, born in Cepu, on 23 January 1957, having his address at Karonsih Timur IX/322, Ngaliyan, Semarang, holder of ID Card No.: 11.5015.230157.0001;-------------

------7. Ms. Kristiana Hesti Cahyani, Indonesian citizen, Civil Servant, born in Semarang, on 14 November 1960, having her address at Tirtoyoso 3-8, Rejosari, Semarang Timur, Semarang, holder of ID Card No.: 33.7403.541160.0001;-----------------------------------------------------------

------8. Mr. Hendricus Handono Warih, Indonesian citizen, Private Employee, born in Semarang, on 22 October 1962, having his address at Ikan Sepat 6/6, Perak Barat, Krembangan, Surabaya, holder of ID Card No.: 12.5625.221062.0002;-----------------------------------------------------------

------9. Mr. Mardonius Dono Pradipto, Indonesian citizen, Private Employee, born in Semarang, on 9 February 1965, having his address at Parang Barong I No. 25, Telogosari Kulon, Pedurungan, Semarang, holder of ID Card No.: 11.5006.090265.0001;-----------------------------------------------------------

-----10. Ms. Florentina Wuri Handayani, Indonesian citizen, Housewife, born in Semarang, on 16 February 1967, having her address at Tirtoyoso III/8, Rejosari, Semarang Timur, Semarang, holder of ID Card No.: 33.7406.560267.0001;-----------------------------------------------------------

-----11. Mr. Mirza Aswar Karim, Indonesian citizen, Private Employee, born in Jakarta on 4 October 1964, having his address at Jl. Malang No. 14 RT. 007 RW. 007, Menteng, Jakarta Pusat, holder of ID Card No.: 09.5006.041064.0265; -----------------------------------------------------------

-----12. Mr. Ilman Fauzi Rakhmat, Indonesian citizen, Private Employee, born in Bandung on 31 March 1978, having his address at Jl. Kampus III No. 4, Babakan Sari, Kiaracondong, Bandung, pemegang KTP No. 1050093103780001;----------------------------------------------------------------
who have been introduced to me, Notary, and who have signed their signatures on this Release and Discharge, before me, Notary, on this day, Thursday, 1 March 2007-------
----------------------------------------------------------------------------------------------------
---------------------------------------------------------------Notary in Semarang----------------



(Widhi Handoko, SH)

# Exhibit E

1

2

3

4

5

6

7

8

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

9  JIMMY LENDO,

10          Plaintiff,

11  v.

12  WORLD STAR AVIATION,

13          Defendant.

14

No. C 09-00359 JSW

**ORDER SETTING CASE MANAGEMENT CONFERENCE AND REQUIRING JOINT CASE MANAGEMENT CONFERENCE STATEMENT**

15  TO ALL PARTIES AND COUNSEL OF RECORD:

16      The above matter having been reassigned to the Honorable Jeffrey S. White, it is hereby

17  ordered that, pursuant to Fed. R. Civ. P. 16(b) and Civil L. R. 16-10, a Case Management

18  Conference shall be held in this case on May 15, 2009, at 1:30 p.m., in Courtroom 11, 19th Floor,

19  Federal Building, 450 Golden Gate Avenue, San Francisco, California.

20      Plaintiff(s) shall serve copies of this Order immediately on all parties to this action, and on

21  any parties subsequently joined, in accordance with Fed. R. Civ. P. 4 and 5.  Following service,

22  plaintiff(s) shall file with the Clerk of the Court a certificate reflecting such service, in accordance

23  with Civil L. R. 5-6(a).

24      The parties shall appear in person through lead counsel to discuss all items referred to in this

25  Order and with authority to enter stipulations, to make admissions and to agree to further scheduling

26  dates.

27      The parties shall file a joint case management statement no later than **five (5) court days**

28  prior to the conference.  The joint case management statement shall address all of the topics set forth

in the Standing Order for All Judges of the Northern District of California - *Contents of Joint Case*

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1    *Management Statement*, which can be found on the Court's website located at

2    http://www.cand.uscourts.gov. *See* N.D. Civ L.R. 16-9. If any one or more of the parties is

3    proceeding without counsel, the parties may file separate case management statements. Separate

4    statements my also address all of the topics set forth in the Standing Order referenced above. Any

5    request to reschedule the date of the conference shall be made in writing, and by stipulation if

6    possible, at least ten (10) calendar days before the date of the conference and must be based upon

7    good cause. In order to assist the Court in evaluating any need for disqualification or recusal, the

8    parties shall disclose to the Court the identities of any person, associations, firms, partnerships,

9    corporations or other entities known by the parties to have either (1) financial interest in the subject

10   matter at issue or in a party to the proceeding; or (2) any other kind of interest that could be

11   substantially affected by the outcome of the proceeding. If disclosure of non-party interested entities

12   or persons has already been made as required by Civil L. R. 3-16, the parties may simply reference

13   the pleading or document in which the disclosure was made. In this regard, counsel are referred to

14   the Court's Recusal Order posted on the Court website at the Judges Information link at

15   http://www.cand.uscourts.gov.

16   **IT IS SO ORDERED.**

17

18   Dated: February 13, 2009

                        JEFFREY S. WHITE

19                             UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26

27

28

**STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA**

**CONTENTS OF JOINT CASE MANAGEMENT STATEMENT**

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1.    Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2.    Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3.    Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4.    Motions: All prior and pending motions, their current status, and any anticipated motions.

5.    Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6.    Evidence Preservation: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7.    Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8.    Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9.    Class Actions: If a class action, a proposal for how and when the class will be certified.

10.    Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11.    Relief: All relief sought through complaint or counterclaim, including the amount of any

-1-

damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12.     Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13.     Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14.     Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.     Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16.     Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17.     Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18.     Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19.     Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. **In addition**, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20.     Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

# Exhibit F

**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 3.2.2**
**Eastern Division**

Sumini, et al.

                         Plaintiff,

v.                                              Case No.: 1:09–cv–00549
                                                Honorable Samuel Der–Yeghiayan

Boeing Co., et al.

                         Defendant.
_____

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, February 3, 2009:

      MINUTE entry before the Honorable Samuel Der–Yeghiayan: Initial status
hearing set for 02/26/09 at 9:00 a.m. At least four working days before the initial status
hearing, the parties shall conduct a FRCP 26(f) conference and file a joint written Initial
Status Report, not to exceed five pages in length, and file the Court's Joint Jurisdictional
Status Report and deliver courtesy copies to this Court's chambers. The Court's standing
orders on the Initial Status Report and Joint Jurisdictional Status Report maybe obtained
from Judge Der–Yeghiayan's web page or from this Court's Courtroom Deputy. Mailed
notice (mw, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of
Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was
generated by CM/ECF, the automated docketing system used to maintain the civil and
criminal dockets of this District. If a minute order or other document is enclosed, please
refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our
web site at *www.ilnd.uscourts.gov*.

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 3.2.2
### Eastern Division

Sumini, et al.

                Plaintiff,

v.

Boeing Co., et al.

                Defendant.

Case No.: 1:09–cv–00549
Honorable Samuel Der–Yeghiayan

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Monday, February 9, 2009:

      MINUTE entry before the Honorable Samuel Der–Yeghiayan: Defendants motion for an extension of time to answer or otherwise plead [19] is granted. All Defendants must answer or otherwise plead by 3/4/09. Status set for 2/26/2009 is stricken. Status continued for 3/18/09 at 9:00. Mailed notice(tlp, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.



## JUDGE SAMUEL DER-YEGHIAYAN

219 s. Dearborn Street
Chicago, IL 60604

Courtroom: 1903                                    Telephone: (312) 435-5675
Chambers: 1988                                     Web Site: www.ilnd.uscourts.gov

Courtroom Deputy - Michael Wing
Room 1906
(312) 408-5075

## INITIAL STATUS REPORT

## ORDER

For cases assigned to the calendar of Judge Samuel Der-Yeghiayan, the parties are required to file and deliver a courtesy copy to chambers of the parties' joint initial status report at least 4 business days before the initial status. The joint status report should identify the attorneys of record for each party, including the lead trial attorney and should address the following in numeric order:

1) Nature of claims and counterclaims

2) Relief sought by plaintiff

3) Names of parties not served

4) Principal legal issues

5) Principal factual issues

6) List of pending motions and brief summary of bases for motions

1

7) Description of discovery requested and exchanged

8) Type of discovery needed

9) Proposed dates for: Rule 26(a)(1) disclosures, fact discovery completion, expert discovery completion (including dates for the delivery of expert reports), filing of dispositive motions, filing of a final pretrial order

10) Estimation of when the case will be ready for trial

11) Probable length of trial

12) Whether a request has been made for a jury trial

13) Whether there have been settlement discussions and if so the outcome of those discussions

14) Whether the parties consent to proceed before a Magistrate Judge

Samuel Der-Yeghiayan
United States District Court Judge

2



## JUDGE SAMUEL DER-YEGHIAYAN
219 S. Dearborn Street
Chicago, IL 60604

Courtroom 1903
Chambers  1988

Telephone: (312) 435-5675
Web Site: http://www.ilnd.uscourts.gov

Courtroom Deputy - Michael Wing
Room 1906
(312) 408-5075

## JOINT JURISDICTIONAL STATUS REPORT
(For Removal Cases)

## ORDER

The "first duty in every case" in federal district court for a judge is to "independently" determine whether or not the court has subject matter jurisdiction. *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 692-94 (7th Cir. 2003)(criticizing judge for accepting jurisdictional allegations at "face value" and remanding case for dismissal for lack of jurisdiction after a jury trial was held by court). We order the parties to confer and file a Joint Jurisdictional Status Report.

**THE JOINT JURISDICTIONAL STATUS REPORT IS FOR INFORMATIONAL PURPOSES TO INFORM THE COURT OF THE PARTIES' POSITION AS TO WHY THE COURT HAS SUBJECT MATTER JURISDICTION. IF PLAINTIFF INTENDS TO CONTEST SUBJECT MATTER JURISDICTION, THEN THE PARTIES NEED NOT FILE A JOINT JURISDICTIONAL STATUS REPORT. INSTEAD, PLAINTIFF SHOULD FILE AN APPROPRIATE MOTION, SUCH AS A MOTION TO REMAND, BY THE DEADLINE SET FOR THE FILING OF THE JOINT JURISDICTIONAL STATUS REPORT.  THE REPORT IS NOT THE PROPER AVENUE TO CONTEST SUBJECT MATTER JURISDICTION.**

1

The Joint Jurisdictional Status Report should be signed by counsel for all parties. The report should contain two sections. The first section should be entitled "I. Subject Matter Jurisdiction." The parties should not feel obligated to spend unnecessary time preparing the report and thus we note that if the parties are seeking jurisdiction pursuant to federal question jurisdiction then the first section may be concise. However for suits brought pursuant to diversity jurisdiction the report should provide a detailed explanation of why this court has subject matter jurisdiction and attach supporting documentation to support allegations concerning topics such as state of citizenship, state of incorporation, principal place of business, and amount in controversy. The documentation need not include original documents and copies will suffice. *In addition to the supporting documentation*, the parties should attach affidavits to support all the jurisdictional requirements. The parties should ensure that the jurisdictional allegations and supporting documentation reference the time periods associated to each allegation. For example, rather than stating that "Mr. Smith is or was a citizen of Illinois," the parties should specify the time period that Mr. Smith was or has been a citizen of Illinois. Rather than stating that "Smith Company's principal place of business is or was in Chicago, Illinois," the parties should state the time period during which Smith Company's principal place of business was or has been in Illinois.

The second section of the report should contain a section entitled "II. Venue (Plaintiff's Position)." The section should be prepared solely by the Plaintiff and will be considered by the court to be representations made solely by Plaintiff and the representations will not be deemed to be admitted by Defendant. The section should include a detailed explanation of why venue is appropriate in this district and division and attach supporting affidavits. As with section one of the report, Plaintiff should make sure that all allegations make reference to the pertinent time periods. This section is not intended to resolve the venue issue and Plaintiff is free to file a motion to transfer if Plaintiff so desires.

If the Joint Jurisdictional Status Report fails to address the relevant issues with the *required specificity* or fails to include sufficient *supporting documentation* the parties will be ordered to submit a new report.

Samuel Der-Yeghiayan
United States District Court Judge

2

**Exhibit G**

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 3.2.2
### Eastern Division

Frans Errain Wuisan, et al.

                                        Plaintiff,

v.                                                      Case No.: 1:09–cv–00556
                                                        Honorable Marvin E. Aspen

The Boeing Company, et al.

                                        Defendant.
_____

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Thursday, February 26, 2009:

        MINUTE entry before the Honorable Marvin E. Aspen:The Status hearing set for
4/9/09 is reset to 4/30/2009 at 10:30 AM.Judicial staff mailed notice(gl, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of
Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was
generated by CM/ECF, the automated docketing system used to maintain the civil and
criminal dockets of this District. If a minute order or other document is enclosed, please
refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our
web site at *www.ilnd.uscourts.gov*.



## United States District Court
### NORTHERN DISTRICT OF ILLINOIS

**Search Web Site**
enter a keywc

| JUDGES | RULES | CLERK'S OFFICE | ATTORNEY INFO | E-FILING INFO | JURY INFO | HC |

**Judge Staff**

**Courtroom Deputy**
Gladys Lugo
(312) 435-5605
Room 2516-A

**Law Clerk**
Betsy Cammarata

**Law Clerk**
Melissa Whitehead

**Secretary**
Linda Surprenant
(312) 435-5696

**Related Links**

Daily Calendar

Recent Opinions

Biographical Data

Call Sheet

Home > Judges > Judge Information

# Judge Marvin E. Aspen

Courtroom 2568
Telephone Numbei
Fax Numbei

### Important Information

The information on this and linked pages contains important information about my pretrial case management procedures. Please take the time to read it carefully.

These policies and rules have been designed to facilitate the prompt, efficient and equitable disposition of civil cases on my docket. The success of this court's trial procedures depends on your willingness to familiarize yourself with these materials and to act accordingly. Counsel will be expected to fully explain to the court any failure to comply with the court's pretrial procedures.

### Motion Schedule

**Motion Type:** Civ. & Crim.
**Day:** Tu, Th
**Time:** 10:30 a.m.

**Courtroom:** 2568
**Telephone:** (312) 435-5650

**No. of Days Notice:** 2

▶ View All Motion Schedule

### Case Management Proced

Procedures to be followed in Cas
**Marvin E. Aspen**

**Initial Status Conference**

Scheduling and Settlement Cor

Motion Practice

Discovery Motions

Consent to Proceed Before a N
Judge

Bankruptcy Appeals

Short Civil Trial Calendar

Submitting a Proposed Order, /
Otherwise, for Electronic Entry

HOME | JUDGES | RULES | CLERK'S OFFICE | ATTORNEY INFO | E-FILING INFO | JURY INFO

**Your feedback is important to us!** Please click here to send us your comments and suggestions as we continue to work this new v

Note: Throughout the court's web site are links to external sites. These external sites contain information created and maintained by other publi and private organizations and are provided for the user's convenience. The court does not control nor can it guarantee the accuracy, relevance timeliness, or completeness of this information. Neither is it intended to endorse any view expressed nor reflect its importance by inclusion in th site.



# United States District Court
## NORTHERN DISTRICT OF ILLINOIS

## Initial Status Conference

The court will set cases for status within 45 days of the filing of the complaint. At the initial status conference the parties will:

1) inform the court of the nature and scope of the case,
2) identify settlement opportunities,
3) set the initial discovery parameters, and
4) schedule future conferences and, when necessary, motions. The court will set discovery and pretrial order deadlines at the time of the initial status.

---

**Note:** The court does not control nor can it guarantee the accuracy, relevance, timeliness, or completeness of this information. Neither is it intended to endorse any view expressed nor reflect its importance by inclusion in this site.

*#CMPID399*

# Exhibit H

Order Form (01/2005)    Case 1:07-cv-00250    Document 47    Filed 12/12/2007    Page 1 of 1

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 250 | **DATE** | 12/12/2007 |
| **CASE TITLE** | Adiputra vs. The Boeing Company | | |

**DOCKET ENTRY TEXT**

Hearing held on defendant The Boeing Company motion for stay of discovery deadlines held. The Boeing Company's motion for stay of discovery deadlines is granted without objections. This case is stayed pending the ruling on The Boeing Company's proposed motion on MDL consolidation. Status hearing set for 2/20/08 at 10:30 a.m.

Docketing to mail notices.

00:10

| | Courtroom Deputy Initials: | JD |
|---|---|---|

# Exhibit I

THE HONORABLE THOMAS S. ZILLY



07-CV-01907-BOND

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

IDRA LAKSONO, et al.,

                Plaintiffs,

     v.

THE BOEING COMPANY, et al.,

                Defendants.

No. 2:07-cv-01907-TSZ

ORDER GRANTING
MOTION OF DEFENDANT THE BOEING
COMPANY FOR STAY OF DEADLINES
AND PROCEEDINGS

This matter came before the Court on the motion of defendant The Boeing Company

("Boeing") for Stay of Deadlines and Proceedings.

    The Court has reviewed Boeing's motion, the supporting Declaration of Allison

Kendrick, plaintiffs' response and Boeing's reply. Having reviewed these materials, the Court

hereby GRANTS the motion and ORDERS that all proceedings and obligations in this case are

stayed (including all deadlines in the Court's December 12, 2007 Order Regarding Initial

Disclosures, Joint Status Report, and Early Settlement), until the Judicial Panel on Multidistrict

Litigation has ruled on Boeing's Motion to Transfer and Consolidate or until further

order of this Court.

    DATED this 4th day of Feb, 2008

                                Hon. Thomas S. Zilly

[PROPOSED] ORDER
NO. 2:07-CV-01907-TSZ) – 1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Presented By:

**PERKINS COIE LLP**


By s/ Allison Kendrick
Keith Gerrard
Allison Kendrick
Perkins Coie LLP
1201 Third Avenue
Suite 4800
Seattle, WA 98101
Attorneys for defendant The Boeing Company

[PROPOSED] ORDER
NO. 2:07-CV-01907-TSZ) – 2

01038-4931/LEGAL13875800.1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000